UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERMAINE ROUSSELL                                                          CIVIL ACTION

VERSUS                                                                          NO. 13-5681

FIDELITY NATIONAL INDEMNITY                                       SECTION "K"(5)


ORDER AND REASONS

Before the Court is Wright National Flood Insurance Company's Motion for Summary Judgment. (Doc. 19). Defendant Wright National Flood Insurance Company f/k/a Fidelity Insurance Company ("Defendant") is a Write-Your -Own ("WYO") Program insurance carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA") 42 U.S.C. § 4001, *et seq.* It contends that it is entitled to judgment against plaintiff Jermaine Roussell's ("Roussell") on Roussell's claim for additional benefits that he maintains that he is owed under the Standard Flood Insurance Policy ("SFIP") issued to him by Defendant. Having reviewed the memoranda, exhibits and the relevant law, the Court finds the motion to have merit.

**Background**

The basic facts underlying this case are undisputed. Defendant issued an SFIP policy to Roussell insuring the property located at 2453 Williamsburg Drive, LaPlace, Louisiana with effective dates of April 8, 2012 to April 8, 2013. The policy had building policy limits (Coverage A) of $125,000. and personal property policy limits (Coverage B) of $50,000 with

each coverage having a $1000.00 deductible.   (Doc. 19-15, Statement of Undisputed Facts Nos. 1-2).

On August 29, 2012, Hurricane Isaac caused damage to the subject property and plaintiff contacted Defendant to report his flood-related losses  (Doc. 19-15, Statement of Undisputed Facts No. 3-4).   On September  13, 2012, Defendant issued a check to plaintiff and Everhome Mortgage Company LLC in the amount of $10,000.00 for building coverage.  On October 23, 2012, Plaintiff executed a signed and sworn Proof of Loss in the amount of $72,380.94 and a signed and Sworn Statement in Proof of Loss in the amount of $10,447.06.  On November 6, 2012, ostensibly because the independent adjuster assigned to Plaintiff's claim revised the building repair estimate to account for depreciation, Plaintiff  executed a revised signed and sworn Proof of Loss in the amount of $72,021.18 and a revised signed and Sworn Statement in Proof of Loss in the amount of $10,838.08.  (Doc. 20-2, Plaintiff's Statement of Contested Material Facts, ¶ 5).  On November 8, 2012, Defendant issued a check to plaintiff and Everhome Mortgage Company LLC in the amount of $37,842.59 for building coverage and issued a check to plaintiff in the amount of $24,178.59 for contents coverage.

Thus, it is uncontested that a revised signed and sworn Proof of Loss in the amount of $72,021.18 and a revised signed and Sworn Statement in Proof of Loss in the amount of $10,838.08 for a total of $82,859.26 was submitted and  Defendant paid to plaintiff $82, 859.26.  Moreover, it is uncontested that no additional Sworn Statement in Proof of Loss was ever filed.

However, plaintiff's counsel[1] maintains that Roussell hired Michaelson & Messinger ("M&M"), a public adjuster, to assist him in the preparation, negotiation and adjustment of the insurance claim with Defendant. To that end, counsel maintains that Michaelson and Messinger forwarded to Defendant a supplemental estimate of damages. It is uncontested that this document is not sworn and signed by Plaintiff. Plaintiff's counsel argues that because a resolution was not reached between plaintiff and Defendant, plaintiff appropriately preserved his right in this matter by filing suit. As such, plaintiff maintains that "by submitting his initial proof of losses, signed and sworn, along with the itemized proposal from his public adjuster [for the disputed amount], Roussell should be deemed to have met the proof of loss requirement." (Doc. 20, Plaintiff's Memorandum in Opposition to Defendant's Motion at 5 of 9). With that as background, the Court will now turn to the issue at hand.

**Standard for Motion for Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477

---

[1] A copy of the December 5, 2012 estimate for additional repairs was attached to plaintiff's opposition. However, it is not supported by affidavit or any sworn testimony attesting to its authenticity. It must be noted that plaintiff has failed to remain in contact with counsel, thus any infirmity in proof–that is a lack of sworn affidavit to support any contention–is solely plaintiff's responsibility.

U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

**Analysis**

As has been outlined in countless cases, the terms and conditions of all federal flood insurance policies, including the one at issue herein, are fixed by Federal Emergency Management Agency ("FEMA"). Such policies must be issued in the form of the SFIP, and no provision of the policy can be altered, varied or waived without the express written consent of

4

the Federal Insurance Administrator. *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998) citing 44 C.F.R. §§ 61.4(b), 61.13(d). As noted, Roussell seeks recovery under an SFIP which requires the insured to notify the insurer of the loss and submit a complete signed and sworn proof of loss setting out the nature cause, and value of the loss. *Copeland v. Federal Emergency Management Agency*, 2004 WL 325577 (E.D.La. Feb. 18, 2004) citing *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998).

As clearly set forth in *Kidd v. State Farm Fire & Casualty Co.*, 392 Fed. Appx.241, 2010 WL 3034502 (5th Cir. Aug. 2, 2010):

> In cases construing the terms of the SFIP, we have held that an insured must file a sworn proof of loss before seeking damages in excess of the amount paid by the insurer. *See Marseilles Homeowners Condo. Ass'n, Inc. v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1055-56 (5th Cir. 2008) (per curiam) (holding that the insured could not maintain a lawsuit for additional federal benefits because he had not submitted a sworn proof of loss); 44 C.F.R. § 61, app. (A)(1), arts. VII(J), VII(r) (stating that an insured in the NFIP "may not sue us to recover money under this policy unless [it has] complied with all the requirements of the policy"); *see Richardson v. Am. Bankers, Inc. Co.*, 279 Fed. Appx. 295, 298 (5th Cir. 2008) (unpublished) ("This is a strict requirement. The regulations say that an NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with **all** of the policy's requirements, including the [proof-of-loss] requirement."); *see also Wientjes v. Am. Bankers Ins. Co. of Fla.*, 339 Fed. Appx. 483, 485 (5th Cir. 2009) (unpublished) ("The Wientjeses did not agree with American Bankers's adjustment, settlement and payment of their claims. As such, they were required to submit a timely proof of loss as a prerequisite to filing suit").

*Kidd* at 244, \*\*2.

It is clear in this instance, Roussell did not file a signed proof of loss as to the additional claims. Moreover, the estimate confected by M&M was not signed or sworn to by Roussell, so it could not even be considered as falling under some kind of "substantial performance" rubric that might protect this suit from summary judgment. The NFIP requires that these claims be sworn to

5

and signed in order to insure against fraud.  It was not and thus, plaintiff's suit fails.  Accordingly,

**IT IS ORDERED** that Wright National Flood Insurance Company's Motion for Summary Judgment.  (Doc. 19) is **GRANTED** and judgment shall be entered in favor of defendant Wright National Flood Insurance Company f/k/a  Fidelity Insurance Company and against Jermaine Roussell with each party to bear its/his own costs.

New Orleans, Louisiana, this 17th day of September, 2014.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**